## GEORGE T. GRISWOLD
### v.
## RENSSELAER L. HOLDRIDGE.

FRAUDULENT REPRESENTATIONS — INSUFFICIENCY OF EVIDENCE. — The action was for fraud and deceit in willfully misrepresenting the title to some corn purchased by appellee. This court is of opinion the judgment is not sustained by the evidence, and reverse the same.

APPEAL from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding.    Opinion filed February 14, 1880.

Mr. GEO. TORRANCE, for appellant; that an officer is not liable for failure of title at a judicial sale, cited Bishop v. O'Connor, 69 Ill. 431; Bassett v. Lockard, 60 Ill. 164.

Fraud cannot exist without an intention to deceive: Miller v. Howell, 1 Scam. 499; Mitchell v. Deeds, 49 Ill. 416; Tone v. Wilson, 81 Ill. 529.

Where a trial is by the court, an exception to the decision of the court brings up the whole case for review: Parsons v. Evans, 17 Ill. 238; Metcalf v. Fouts, 27 Ill. 114; Mahony v. Davis, 44 Ill. 288; Jones v. Buffum, 50 Ill. 277; Force M'f'g. Co. v. Horton, 74 Ill. 310; Smith v. Gillett, 50 Ill. 290.

Mr. L. E. PAYSON, for appellee; that to question the suffi-

ciency of the evidence to sustain the judgment there should be a motion for new trial in the court below, cited Nimmo v. Kuykendall, 69 Ill. 477; Bills v. Stanton, 85 Ill. 55.

A fraudulent intent will be presumed if a party makes a statement as true and it turns out to be false: Kerr on Fraud, 57; Thorn v. Bigland, 8 Exch. 726.

LACEY, J. The appellee sued appellant in an action on the case for fraud and deceit, in willfully misrepresenting the title to corn sold by appellant under execution, by virtue of his office as constable, at which sale the appellee was purchaser. The trial which was had before the court without a jury resulted in finding for appellee and judgment for $208 and costs. To reverse this judgment this appeal is brought to this court.

It appears that appellant had certain writs of attachment in his hands against one, James Porter in favor severally of A. B. Searing, S. Crumpton and Catharine Porter: That Thomas Weldon, another constable, had other attachment writs against the same defendant senior in point of levy and date to those held by appellant.

The appellee becoming the purchaser of fifteen hundred bushels of corn sold by appellant, was afterwards sued by Hahn & Kime, who claimed the corn by virtue of a sale under Weldon's levy, and judgment was recovered by Hahn & Kime against appellee for $208—the appellee having taken away the corn under his purchase.

The gravamen of the charge against appellant, was that in order to induce the appellee to bid at the sale, and to purchase the corn, he falsely and deceitfully represented to appellee, that Weldon had released his levy on the corn, and that appellee relying on said false and deceitful representations, and without knowledge of the fact bought the corn—and averring that the corn had not been released.

The principal ground for error relied on, is that the finding of the court was not supported by the evidence.

In this we think the assignment of error is well taken.

It appears from the evidence to be a disputed question of fact, whether or not Weldon had released his levy in favor of

appellant, and we think the evidence sufficiently shows that appellant in representing to the appellee that the levy had been released, had reasonable ground to believe that such was the fact.  If he did not in good faith so believe, why did he make such representations.  From appellee's own testimony, it appears that appellant told him he was going to sell some corn, and the amount of it, and wanted appellee to bid on it, and the latter consented to do so.  Then they both started on horseback to go to the sale, when on the road appellant told him that there was controversy about the corn: that there had been a levy and that Weldon had released, etc.  Appellant swears particularly, that Weldon told him to levy on the corn; that he had enough other property to make his claims, and heard him hire a man to haul it away.  It appears from this that appellee was not unwilling to purchase the corn at the sale, without any representations, and had started to go to the sale to do so.  Why should appellant make such statements to him if he did not believe they were true?  He had no interest in it more than an officer, and what he said was apparently gratuitous and unasked for by appellee.

We refrain from discussing other features of the evidence, as the case may be again tried.  For the error above stated the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.